UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SANDRA NOFAL

    Plaintiff,

v.

PUBLIC HEALTH TRUST Of MIAMI-DADE
COUNTY dba JACKSON HEALTH SYSTEM,

    Defendant,
_____/

## COMPLAINT

The Plaintiff SANDRA NOFAL sues Defendant PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY dba JACKSON HEALTH SYSTEM, and alleges:

### INTRODUCTION

1. This is an action by Plaintiff SANDRA NOFAL, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Americans with Disabilities Act ("ADA"); the Age Discrimination in Employment Act, 29 U.S.C. 623 (ADEA); 42 U.S.C. § 1981, and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant' discriminatory and retaliatory treatment. This is also an action under Florida common law to recover unpaid wages and for attorney's fees thereon pursuant to Florida Statutes, § 448.08.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331

1

and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

3. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, Florida.

## PARTIES

4. Plaintiff SANDRA NOFAL ("NOFAL" or "Plaintiff") is a resident of Miami-Dade County, Florida, who was employed by Defendant PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY dba JACKSON HEALTH SYSTEM. At the time of her employment with Defendant resided in Miami-Dade County, was a fifty-one (51) year old woman of Haitian/Palestinian decent, and as such is a member of certain classes of protected persons.

5. Defendant PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY dba JACKSON HEALTH SYSTEM ("Jackson Health" or "Defendant") is a Florida public corporation that is authorized to conduct business and provide services in the State of Florida, in Miami-Dade County, Florida, and within the jurisdiction of this Court. Jackson Health is, and at all times relevant was, a business whose activity affected interstate commerce.

## PROCEDURAL REQUIREMENTS

6. All conditions precedent to this action have been fulfilled. Plaintiff dual-filed a Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about August 4, 2022, the U.S. Equal Employment

Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination, which was received by the Plaintiff on, or about August 4, 2022. *See* **Exhibit "A."**

## STATEMENT OF FACTS

7. At the time of her employment, Plaintiff was a 51-year-old woman, who was employed by the Defendant as a registered nurse from April 16, 2001, until her wrongful termination on September 17, 2020.

8. During her employment Plaintiff primarily worked as a chemotherapy nurse at Defendant's south campus, but would administer treatment in other areas as necessary

9. In addition to her nursing work, Plaintiff was a union board ethics liaison for SEIU Health Care, the union that represents doctors, nurses, and healthcare professionals at Jackson Health.

10. At all times relevant, Plaintiff was able to successfully perform the duties of her job, was not disciplined prior to her termination, and was regarded as a respected healthcare professional.

11. However, she began having problems at work in 2015 when Reji Raju-Ortanz was hired as a nurse manager supervising Plaintiff's unit.

12. Ms. Raju-Ortanz is considerably younger than Plaintiff, and had an apparent dislike of older employees.

13. Upon being put in charge of the unit, Ms. Raju-Ortanz immediately demoted more senior charge nurses Libardo Lonzo, Stella Udechukwu, Angela Gomez, and Plaintiff and replaced them with much younger charge nurses Bithia Benitez and Tashina Easton (28)

14. These demotions resulted in hourly wage reductions and stunted promotion opportunities for all three of these employees.

15. The younger nurses received favorable treatment from Ms. Raju-Ortanz.

16. For example, they were habitually tardy to their shifts, often causing Plaintiff to stay later so the unit would not lack coverage, and committed other HR infractions but did not face any discipline.

17. To the contrary, whenever a disagreement or issue arose regarding Plaintiff, Ms. Raju-Ortanz would report Plaintiff to human resources manager Cecilia Hernandez who would harass and attempt to intimidate Plaintiff, but never resulted in a formal write up or any discipline.

18. Plaintiff was needlessly harassed and discriminated by Ms. Raju-Ortanz at every opportunity.

19. On, or about August 17, 2020, Plaintiff, who had grown tired of the constant discrimination and intimidation that she was facing at the hands of Ms. Raju-Ortanz and Ms. Hernandez contacted Defendant's corporate compliance department to report her concerns.

20. Upon learning that Plaintiff made a report, Ms. Hernandez became livid and approached Plaintiff angrily demanding to know why she reported her to corporate compliance.

21. Just days later on, or about, August 25, 2020, Plaintiff made an inadvertent charting error, that resulted in no harm to her patient.

22. When she was notified of the error, Plaintiff admitted to her mistake and explained that it was inadvertent.

23. Despite the benign nature of the Plaintiff's error, she was placed on

administrative on August 27, 2020, and subsequently terminated on September 17, 2020.

24. Pursuant to the Defendant's written policies, errors in charting can be corrected within three days, however when Plaintiff asked if she could correct the chart it was refused.

25. Because of her role on the union board, Plaintiff is aware of far more egregious incidents of mis-charting (or even the blatant falsification of charts) which have led to actual client harm that did not result in termination.

## COUNT I:
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. § 623 (ADEA): DISCRIMINATION BASED ON AGE

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. Plaintiff began working for the Defendant on, or about, April 16, 2001, until her termination on September 17, 2020.

28. On numerous occasions, as more fully described in paragraphs 7-25 of this Complaint, Plaintiff was ridiculed and treated differently because of her age.

29. At all times material hereto, the Defendant failed to comply with the Age Discrimination in Employment Act, 29 U.S.C. § 623 (a) *et seq*., as amended, which states, "It shall be unlawful for an employer: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or (3) to reduce the wage rate of any employee in order to comply with this chapter."

30. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's Age.

31. At all relevant times, including the time of his termination, Defendant was aware that Plaintiff was 51 years old.

32. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant. The Plaintiff was qualified for the position apart from her apparent Age.

33. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Age Discrimination in Employment Act of 1967, as amended.

34. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

35. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

36. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because she was 51 years old, in violation of the Act.

37. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Age.

38. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to his age. The

discrimination on the basis of Age constitutes unlawful discrimination.

39. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SANDRA NOFAL respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADEA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADEA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Liquidated damages;

e) Award Plaintiff prejudgment interest on his damages award;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FCRA: DISCRIMINATION BASED ON AGE

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 and above as if set out in full herein.

41. At all times material hereto, the Defendant failed to comply with the FCRA [Florida Statutes Section 760.10] which states,

> *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status."*

42. Plaintiff is a member of a protected class of citizens based on her age.

43. The Defendant's decision to discriminate against Plaintiff was because of her age. Alternatively, Plaintiff's age was a motivating factor that caused the Defendant to discriminate against Plaintiff.

44. At all relevant times aforementioned, including the time of discrimination, the Defendant were aware that Plaintiff was black.

45. Plaintiff was qualified for the position that she held at the Defendant.

46. Plaintiff was discriminated against by Defendant because of her age.

47. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the FCRA.

48. The failure of the Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

49. The Defendant, through its employment practices, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her age in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

50. The Defendant wrongfully terminated Plaintiff and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's age.

51. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

52. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by the Defendant is a mere pretext for the actual reasons for the termination from employment – Plaintiff's age.

53. Discrimination on the basis of age constitutes unlawful discrimination in violation of the FCRA.

WHEREFORE, Plaintiff SANDRA NOFAL respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff reasonable costs and attorney's fees; and

f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 and above as if set out in full herein.

55. At all times material hereto, the Defendant failed to comply with the Civil

Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

56. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

57. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

58. Defendant through its practices and policies as employers, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

59. While employed by Defendant, Plaintiff complained to Defendant's corporate compliance department regarding the discriminatory treatment described in paragraphs 7-25 of this Complaint.

60. Instead of taking action to resolve her complaints Plaintiff was suspended and ultimately.

61. Plaintiff's termination was starkly different than the punishment given to other employees who made similar or more egregious charting errors but were not terminated.

62. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

63. Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's participation in protected activity.

64. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to engage in protected activity.

65. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

66. As a result of the retaliation, Plaintiff has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

67. Defendant's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SANDRA NOFAL respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 and above as if set out in full herein.

69. While employed by Defendant, Plaintiff complained to Defendant's corporate compliance department regarding the discriminatory treatment described in paragraphs 7-25 of this Complaint.

70. Instead of taking action to resolve her complaints Plaintiff was suspended and ultimately.

71. Plaintiff's termination was starkly different than the punishment given to other employees who made similar or more egregious charting errors but were not terminated.

72. The Defendant's above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

73. As a direct and proximate result of the retaliation against Plaintiff, he has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

WHEREFORE, Plaintiff SANDRA NOFAL respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 2, 2022.

        **s/ Brandon J. Gibson**
        Brandon J. Gibson
        Florida Bar No: 0099411
        E-mail: bgibson@rtrlaw.com
        REIFKIND, THOMPSON, & RUDZINSKI, LLP
        3333 W. Commercial Blvd, Ste. 200
        Ft. Lauderdale, Florida 33309
        Telephone: (954) 370-5152
        Facsimile: (954) 370-1992
        *Counsel for Plaintiff(s)*